United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY HEMINGWAY & KELLIE HEMINGWAY, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. H-25-5626 |
| AMERICAN ECONOMY INSURANCE COMPANY, *et. al.*, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant American Economy Insurance Company's Motion for Summary Judgment (Document No. 11). Having considered the motion, submissions, and applicable law, the Court determines that the motion for summary judgment should be granted.

## I. BACKGROUND

This is a matter involving an alleged breach of contract. On November 24, 2008, Plaintiffs Larry and Kellie Hemingway (collectively "Plaintiffs") purchased a house (the "House"). The House was insured through Defendant American Economy Insurance Company ("American") with an insurance policy (the "Policy"). Plaintiffs allege that, on December 9, 2023, their home was damaged by hail and wind. On December 18, 2023, Plaintiffs reported the claim to American, and American inspected the home, advising Plaintiffs that no storm-related damage was

found. On April 8, 2025, Plaintiffs invoked appraisal. On July 12, 2025, an appraisal award was signed for an actual cash value of $32,753.77 and a replacement cost value of $51,549.11.

Plaintiffs contend that, on July 18, 2025, American denied their claim "after a valid Appraisal Award was signed."[1] Based on the foregoing, on October 21, 2025, Plaintiffs filed suit in the 80th Judicial District Court of Harris County, Texas, bringing claims against Defendants American and Safeco Insurance ("Safeco") (collectively "Defendants") for: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) mental anguish; (4) violations of the Texas Insurance Code; and (5) violation of the Texas Deceptive Trade Practices Act ("DTPA").[2] On November 21, 2025, Defendants removed the matter to this Court pursuant to diversity jurisdiction.[3] On March 23, 2026, Defendants moved for summary judgment as to all of Plaintiffs' claims.[4] On April 13, 2026, Plaintiffs responded in opposition.[5]

---

[1] *See Notice of Removal*, Document No. 1, Exhibit C-1 at 7 (*Plaintiffs' Complaint*).

[2] *See Plaintiffs' Complaint*, *supra* note 1 at 9–15.

[3] *See Notice of Removal*, Document No. 1 at 1.

[4] *See Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 1.

[5] *See Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 1.

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion and the elements of the causes of action upon which the nonmovant will be unable to establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337,

343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

## III. LAW & ANALYSIS

Defendants move for summary judgment, contending there is no genuine issue of material fact for a jury to consider in this matter. In response, Plaintiffs contend that there is a dispute as to a material fact and that the Defendants' motion for summary judgment should be denied. The Court will consider Defendants' motion for summary judgment as it relates to each Defendant, and each claim Plaintiffs bring.

*1. Defendant Safeco*

In its summary judgment motion, American contends, in relevant part, that "there is no insurance company formally named 'Safeco Insurance'" and that "'Safeco Insurance is the brand name and marketing umbrella used for a range of insurance products."[6] In response, Plaintiffs contend that "[w]hether Safeco Insurance is a proper party involves fact issues[.]"[7]

Here, American requests this Court dismiss Safeco as a Defendant in this matter contending that "Safeco did not underwrite the policy issued to Plaintiffs, did not adjust the claim, did not investigate the claim and did not make any of the claim decisions regarding payment of the claim. All of those functions were performed by agents or representatives of American."[8] The Court notes that Plaintiffs provide no applicable summary judgment evidence to dispute American's contention that Safeco is an improper party in this matter. Accordingly, the Court finds that the summary judgment evidence in this matter clearly establishes that Safeco is merely

---

[6] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 1.

[7] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 9.

[8] *Defendant American Economy Insurance Company's Reply to Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment*, Document No. 15 at 9; *see Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11, Exhibit E at 2 (*Affidavit of Nancy Frano*).

a trade name and has no contractual relationship with Plaintiffs. Because Plaintiffs' claims in this matter arise out of disputes regarding their insurance policy, the Court finds that the proper Defendant in this matter is American, not Safeco. As such, the Court finds that Plaintiffs' claims against Defendant Safeco should be dismissed. The Court will now consider Plaintiffs' claims against the proper Defendant, American.

*2. Defendant American*

Plaintiffs bring a breach of contract claim and several extra-contractual claims against Defendant American.[9] The Court will consider, in turn, the contractual and extra-contractual claims that Plaintiffs bring against American.

*A. Contractual Claim*

Plaintiffs contend that "Defendants breached the terms of this contract by wrongfully denying and/or underpaying the Claim and Plaintiffs have been damaged thereby."[10] American moves for summary judgment as to Plaintiffs' breach of

---

[9] The Court notes Plaintiffs' extra-contractual claims for: (1) violations of the Texas Insurance Code; (2) violations of the duty of good faith and fair dealing; and (3) violations of the DTPA. *See Plaintiffs' Complaint*, *supra* note 1 at 9–15.

[10] *Plaintiffs' Complaint*, *supra* note 1 at 9.

contract claim contending that it "fulfilled its obligations under the Policy's appraisal provision and paid the amount set."[11]

"The elements of a breach of contract claim under Texas law are: 1) the existence of a valid contract; 2) performance or tendered performance by the plaintiff; 3) breach of the contract by the defendant; and 4) damages to the plaintiff resulting from the breach." *Lewis v. Bank of America NA*, 343 F.3d 540, 545 (5th Cir. 2003) (citation omitted). Here, American contends that Plaintiffs are unable to provide sufficient evidence of a breach because "American fulfilled its obligations[.]"[12] In response, Plaintiffs contend that "Defendant has not fully paid the appraisal award" and that "the payment was not timely[.]"[13] The Court will consider, in turn, each of Plaintiffs' contentions.

*i. Amount of the Payment*

With respect to full payment, Plaintiffs contend that American paid "$25,753.77 of the Actual Cash Value amount after deducting the $7,000 deductible" and that "Defendant continues to withhold $18,795.34 in recoverable

---

[11] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 7.

[12] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 7.

[13] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 4, 5.

depreciation[.]"[14] The Court has reviewed the applicable provision of the Policy and notes the clear language stating that "[i]f the cost to repair or replace is $2,500 or more, we will pay the difference between *actual cash value* and *replacement cost* only when the damaged or destroyed property is repaired or replaced."[15] Furthermore, the Court notes that, generally, an appraisal decides the "amount of loss" but does not "decide whether the insurer should pay." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009).

Having reviewed the record in this matter, the Court finds no summary judgment evidence suggesting that any repairs or replacements have been made. In fact, Plaintiffs concede that "recoverable depreciation is payable after repairs are completed[.]"[16] Plaintiffs contend only that the "ongoing withholding of the recoverable depreciation is further evidence of Defendants' wrongdoing and clear acting in bad faith" and that "Defendant's partial payment does not satisfy its obligations under the Policy[.]"[17] Based on the foregoing, and the Court's

---

[14] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 4.

[15] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11, Exhibit A at 64 (emphasis in original) (*The Policy*).

[16] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 4.

[17] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 4, 5.

independent review of the applicable Policy provision stating that recoverable depreciation is payable only when the damage has been repaired, the Court finds that Plaintiffs have failed to produce any applicable summary judgment evidence suggesting that American has not performed under the contract by paying the $25,753.77 and withholding the recoverable depreciation until repairs are complete. As such, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact with respect to their allegation that American breached the Policy by failing to pay the full appraisal award. The Court will now consider Plaintiffs' contention that American breached the Policy by making an untimely payment.

*ii. Timeliness of the Payment*

In response to American's present motion, Plaintiffs contend, in relevant part, that the appraisal "payment was not timely."[18] Plaintiffs contend that the "appraisal award was issued on July 12, 2025" but that "Defendant did not make payment until December 3, 2025[.]"[19] Once again, the Court notes the applicable Policy provision stating, in relevant part, that "[i]f we [Defendant] notify you that we will pay your

---

[18] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 5.

[19] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 5.

claim, or part of your claim, we must pay within 5 *business days* after we notify you."[20]

Here, American moves for summary judgment contending that "[o]n December 3, 2025, American notified Plaintiffs of its intent to pay the award and issued payment on the same day."[21] In response, Plaintiffs appear to contend that the payment was untimely because the "appraisal award was issued on July 12, 2025."[22] To the extent that this is Plaintiffs' argument, the Court notes the clear language of the policy stating that payment will be within 5 days of notification that a claim will be paid, not within 5 days of any appraisal award. Furthermore, the Court notes that American paid the statutory interest through December 3, 2025, totaling $6,430.80 in total interest.[23] Based on the foregoing, and the clear language of the Policy, the Court finds that American's payment was timely under the applicable provisions of the Policy. As such, the Court finds that Plaintiffs have failed to raise an issue of

---

[20] *The Policy*, *supra* note 15 at 44 (emphasis in original) (The Court notes that this is a special provision applying only to Texas claims and replacing the general provision located at *The Policy*, *supra* note 15 at 66.).

[21] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 8.

[22] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 5.

[23] *See Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11, Exhibit F at 1 (*Payment Letter*).

material fact as to any alleged breach of the Policy by American. Considering the Fifth Circuit's clear guidance that a breach of contract claim requires a breach by the Defendant, the Court finds that Plaintiffs have failed to produce sufficient summary judgment evidence as to their breach of contract claim, and thus, that American's motion should be granted with respect to this claim. The Court will now consider American's motion with respect to Plaintiffs' extra-contractual claims.

*B. Extra-Contractual Claims*

Plaintiffs bring claims against American for: (1) breach of duty of good faith and fair dealing; (2) mental anguish; (3) unfair settlement practices; (4) misrepresentation of insurance policy; (5) Texas Prompt Payment of Claims Act violation; and (6) violations of the DTPA.[24] American moves for summary judgment on all of Plaintiffs' extra-contractual claims contending, in relevant part, that "Plaintiffs' Extra-Contractual Claims fail because there is no evidence of an independent injury."[25] In response, Plaintiffs contend that they "have suffered independent injuries" citing that "Defendant wrongfully denied Plaintiffs' claim," that the "denial was unreasonable" and that the "denial forced Plaintiffs to invoke

---

[24] *See Plaintiffs' Complaint*, *supra* note 1 at 9–15.

[25] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 13.

the appraisal process[.]"[26] Plaintiffs further contend that "Defendant's unreasonable delay in paying the appraisal award . . . caused Plaintiffs additional harm" and that "[t]hese actions constitute independent injuries."[27]

"An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties." *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) (citation omitted). Furthermore, "[a]n insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits." *Id.* at 500 (emphasis in original) (citation omitted). An independent injury is one that does not "'flow' or 'stem' from the denial of the claim for policy benefits." *Id.* at 500.

Here, American moves for summary judgment contending, in relevant part, that "[a]ll of Plaintiffs' claims rise from the initial denial of policy benefits and do not meet the definition of an independent injury."[28] In response, Plaintiffs contend

---

[26] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 6.

[27] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 6–7.

[28] *Defendant American Economy Insurance Company's Motion for Summary Judgment*, Document No. 11 at 14.

that American's actions "caused Plaintiffs additional harm" and that American's actions "constitute independent injuries that support Plaintiffs' extra-contractual claims[.]"[29] The Court has reviewed Plaintiffs claims in this matter and notes that Plaintiffs' references to American's actions and a conclusory allegation of additional harm do not establish an independent injury. Furthermore, given that all of Plaintiffs' extra-contractual claims, and thus, all of their alleged injuries, necessarily flow from the alleged initial denial of and ultimately alleged underpayment of policy benefits, the Court finds that Plaintiffs have not provided sufficient evidence to establish an independent injury.[30]

Based on the foregoing, the Court's previous finding that American did not breach the Policy, and the Texas Supreme Court's clear guidance that extra-contractual claims require either a showing of a right to recover under the contract or an independent injury, the Court finds that Plaintiffs have failed to raise a genuine

[29] *Plaintiffs' Response in Opposition to Defendant, American Economy Insurance Company's, Motion for Summary Judgment*, Document No. 14 at 6–7.

[30] Considering the Court's finding that Plaintiffs have failed to establish an independent injury with respect to their extra-contractual claims, the Court declines to consider American's remaining arguments related to the merits of each of Plaintiffs' extra-contractual claims.

issue of material fact as to their extra-contractual claims, and thus, that American's motion should be granted in its entirety.[31]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant American Economy Insurance Company's Motion for Summary Judgment (Document No. 11) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' claims against Defendants Safeco Insurance and American Economy Insurance Company are hereby **DISMISSED**. The Court further

**ORDERS** that any further pending motions in this matter are **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this 7 day of August, 2026.

DAVID HITTNER
United States District Judge

[31] The Court recognizes that the elements of Plaintiffs' various extra-contractual claims are not identical. Nonetheless, the Court need not address each extra-contractual claim separately because of the Court's finding that Plaintiffs have failed to produce evidence creating a genuine issue of material fact as to any breach of the Policy, an independent injury, or any other basis upon which their extra-contractual claims could survive American's pending motion.